MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
REX D. GARNER, ESQ.
Nevada Bar No. 9401
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: melanie.morgan@akerman.com
Email: rex.garner@akerman.com

*Attorneys for Plaintiff Deutsche Bank National Trust Company as Trustee for the Holders of New Century Home Equity Loan Trust, Series 2005-A, Asset Backed Pass-Through Certificates*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE HOLDERS OF NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2005-A, ASSET BACKED PASS-THROUGH CERTIFICATES,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINGLAND VILLAGE CONDOMINIUM ASSOCIATION; PHIL FRINK & ASSOCIATES, INC.; AND THUNDER PROPERTIES INC.,<br><br>Defendants. | Case No.: 3:16-cv-00648-MMD-GWF<br><br>**STIPULATION AND ORDER FOR STAY OF DISCOVERY PENDING RESOLUTION OF PENDING MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Deutsche Bank National Trust Company as Trustee for the Holders of New Century Home Equity Loan Trust, Series 2005-A, Asset Backed Pass-Through Certificates (**Deutsche Bank**), and Defendant Springland Village Condominium Association (**Springland** or **HOA**), and Defendant Thunder Properties, Inc. (**Thunder Properties**), stipulate and agree as follows:

1. Deutsche Bank intends to file a motion for summary judgment regarding the application of the *Bourne Valley* decision.

1

43339295;1

2. Deutsche Bank's summary judgment motion will raise purely legal issues concerning the application of *Bourne Valley* that it asserts can be resolved without discovery. Thunder Properties believes that discovery will ultimately be required, including discovery regarding the notices that were provided to Deutsche Bank and/or its predecessor-in-interest. As a result, Thunder Properties believes that the proposed motion for summary judgment is premature. Springland also asserts that, in addition to the initial disclosures already made in this action, discovery will establish that all pertinent provisions of NRS 116 were complied with in connection with the assessment lien foreclosure sale of the subject property. With that said, the resolution of the proposed motion could conceivably affect and provide guidance on the extent of necessary discovery, if any, on all issues. If it is granted, it may result in resolution of the entire case although Thunder Properties asserts that such a result would be erroneous as a matter of law at this stage.

3. Federal district courts have "wide discretion in controlling discovery." *Little v. City of Seattle,* 863 F.2d 681,685 (9th Cir. 1988).

4. To determine if a stay is appropriate, the court considers (**1**) damage from the stay; (**2**) hardship or inequity that befalls one party more than the other; and (**3**) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay discovery pending Deutsche Bank's dispositive motion based on *Bourne Valley*.

5. The parties believe a stay is warranted because they will be able to avoid the cost and expense of written discovery and depositions on issues that may be irrelevant based on the *Bourne Valley* decision. Moreover, the Court will be relieved of expending further time and effort considering any discovery-related motions or protective orders.

. . .

. . .

. . .

. . .

. . .

2
43339295;1

6. The parties agree there will be no significant hardship or inequity against any party, and it is appropriate for this Court to exercise its power to grant a stay of discovery at this time. A trial date has not yet been set and the outcome of Deutsche Bank's proposed *Bourne Valley* partial motion for summary judgment has the potential to provide guidance on the extent of necessary discovery and conceivably result in possible resolution of the entire case.

| | |
|---|---|
| **AKERMAN LLP** | **PENGILLY LAW FIRM** |
| */s/ Rex D. Garner* | */s/ Elizabeth B. Lowell* |
| MELANIE D. MORGAN, ESQ.<br>Nevada Bar No. 8215<br>REX D. GARNER, ESQ.<br>Nevada Bar No. 9401<br>1160 Town Center Drive, Suite 330<br>Las Vegas, Nevada 89144<br><br>*Attorneys for Plaintiff Deutsche Bank* | James W. Pengilly, Esq.<br>Elizabeth B. Lowell, Esq.<br>1995 Village Center Circle, Suite 190<br>Las Vegas, Nevada 89134<br><br>*Attorneys for Springland Village Condominium Association* |
| **ROGER P. CROTEAU & ASSOCIATES, LTD.** | |
| */s/ Tim Rhoda* | |
| ROGER P. CROTEAU, ESQ.<br>Nevada Bar No. 4958<br>TIMOTHY E. RHODA, ESQ.<br>Nevada Bar No. 7878<br>9120 West Post Road, Suite 100<br>Las Vegas, Nevada 89148<br>*Attorneys for Thunder Properties, Inc.* | |

**ORDER**

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 13, 2017

3

43339295;1